## IN THE MATTER OE MARY E. MILLER, DECEASED.

*Collateral inheritance tax — an adopted son of a person dying prior to the passage of chapter 713 of 1887, amending chapter 483 of 1885, is not entitled to the exemption created by the former act.*

On March 24, 1887, upon the application of the executors of Mary E. Miller, who died on September 30, 1886, an order was made by the surrogate affirming an appraisement of the estate of the deceased, and assessing the amount of tax to be paid by Francis Lynch, an adopted son of the said Mary Miller, at the sum of $11,162.10. On August 29, 1887, the tax being still unpaid, Lynch made a motion to vacate the former order, upon the ground that the act under which the tax was imposed (chap. 483 of 1885) had been so amended by chapter 713 of 1887 as to exempt from its operation any adopted child.

*Held*, that the motion was properly denied by the surrogate.

That the new parts or changed portions of the statute are not to be taken to have been the law at any time prior to the passage of the amendatory act in June, 1887. *Ely* v. *Holton* (15 N. Y., 595); *Benton* v. *Wickwire* (54 id., 226) followed.

That the tax imposed by the original law was, under section 4 thereof, due and payable at the death of the decedent, so that at the time the order was made the tax was payable, and it was then the right and duty of the executors to pay the same to the county treasurer

APPEAL from an order made by the surrogate of Orange county, denying a motion that an order of the surrogate, assessing and determining the tax of the petitioner under the collateral inheritance law of 1885, be revoked, as having been inadvertently made.

*E. L. Fancher* for the petitioner, appellant.

*William Vanamee* for the Comptroller of the State of New York, respondent.

DYKMAN, J.:

This is an appeal from an order of the surrogate of Orange county, denying a motion to vacate a former order made by him for the collection of a tax upon a legacy under chapter 483 of the Laws of 1885.

Mary E. Miller, an inhabitant of Orange county, died on the 30th day of September, 1886, leaving a last will and testament which was duly proved and admitted to probate by the surrogate of Orange county in October, 1886. On the 24th day of March, 1887, her executors procured an order from the surrogate, affirming an

appraisement of the estate of the deceased, and assessing the amount of tax, respectively chargable to the several devisees and legatees under her will, which was then supposed to be chargeable on the legacies and gifts under the provisions of chapter 483 of the Laws of 1885.

Francis Lynch was an adopted son of the testatrix, and was a devisee and legatee under her will, and as such legatee and devisee his share of her estate amounted to $223,262. In and by the order of the surregate above mentioned, the tax chargeable thereupon amounted to $11,162.10.

That order was legal and proper when it was made under the statute of 1885, before its amendment in 1887, but by chapter 713 of the Laws of 1887, the law of 1885 was amended so as to exempt from its operation any child adopted as such in conformity with the laws of the State of New York.

As Francis Lynch sustains that relation to the testatrix, the portion of her estate received by him under her will would have been exempted from the operation of the collateral inheritance tax law, if it had stood in 1885 as it was amended in 1887; and now it is claimed by Lynch that as the tax had not been paid over to the county treasurer before the adoption of the amendment of 1887, its payment cannot be enforced against him, and he made an application to the surrogate to vacate the former order for its payment, which would have the effect to release him from the obligation to pay such tax. That application was denied by the surrogate, and the case comes to us on appeal from that order.

This appeal brings to us for examination and decision the effect of the amendment of 1887 upon the original statute. While it is plain that the petitioner sustained the relation of adopted son to Mrs. Miller, which would have exempted him from payment of the collateral inheritance tax under the amended statute of 1887, yet it by no means follows that he can escape the payment of the tax which was imposed and liquidated and set apart before the amendment of 1887, which was passed in June, 1887, about four months after the imposition of such tax.

The portions of the original statute copied into the law of 1887, are not to be considered as repealed, but they are to be considered as the law from the beginning, and the new parts of changed por-

tions of the statute are not to be taken to have been the law at any time prior to the passage of the amended act in June, 1887. (*Ely* v. *Holton*, 15 N. Y., 595; *Benton* v. *Wickwire*, 54 id., 226.)

The exemption of a child adopted as such was made for the first time in the act of 1887, and is to be understood as enacted at the time that law took effect. Moreover, under the fourth section of chapter 483 of the law of 1885, the tax imposed by that act, so far as it relates to the portion of Lynch, was due and payable at the death of the decedent; so that at the time the surrogate made and entered his first order, the tax was then payable, and it was then the right and the duty of the executors to pay the same to the county treasurer. Under the construction which the law of 1887 must receive, as we have seen, the right to its payment was not divested by that act.

Our conclusion is, that the order of the surrogate should be affirmed with costs.

BARNARD, P. J., and PRATT, J., concurred.

Order of surrogate affirmed with costs.